UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Lawrence Simmons, | Case No. 21-CV-0293 (ECT/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Clerk of Appellate Courts and Dakota County District Court, | |
| Defendants. | |

Plaintiff Scott Lawrence Simmons did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. [*See* ECF No. 2.] That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Simmons qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative

1

level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The pleading filed in this matter is nearly an exact replica of the pleading filed by Simmons in another matter currently pending in this District.  *See Simmons v. Clerk of Appellate Courts*, No. 20-CV-2646 (ADM/LIB) (D. Minn.).  In both cases, Simmons alleges that the defendants named to the actions have engaged in "obstruction of justice," (Compl. at 3, 5 [ECF No. 1]), but has provided no factual allegations whatsoever that, if proved true, would establish that such obstruction occurred.  This Court cannot say from the complaint why Simmons believes that the defendants have acted unlawfully.

Simmons's earlier lawsuit has been recommended for dismissal; so too will this lawsuit.  The pleading in this case is insufficient to put either the defendants or the Court on notice of what, specifically, is being alleged by Simmons.  Without factual allegations that, if proved true, would establish that the defendants acted unlawfully, this matter cannot go forward.  Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of Plaintiff Scott Lawrence Simmons [ECF No. 2] be **DENIED**.

Dated: February 8, 2021                         *s/ Hildy Bowbeer*
                                                Hildy Bowbeer
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).